Dong v. Barr

BIA
Poczter, IJ
A208 190 350/352

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
>> *Chief Judge,*
> PETER W. HALL,
> RICHARD J. SULLIVAN,
>> *Circuit Judges.*

_____

YU MEI DONG, JIA ZHANG JIANG,
AKA MING KU,
> *Petitioners,*

v.                                                     18-176
                                                       NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Law Office of
                         Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Anthony C. Payne,

Assistant Director; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Yu Mei Dong and Jia Zhang Jiang, natives and citizens of the People's Republic of China, seek review of a January 5, 2018 decision of the BIA affirming a May 10, 2017 decision of an Immigration Judge ("IJ") denying their applications for asylum and withholding of removal.[1] *In re Yu Mei Dong and Jia Zhang Jiang,* No. A 208 190 350/352 (BIA Jan. 5, 2018), *aff'g* No. A 208 190 350/352 (Immig. Ct. N.Y. City May 10, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d

---

[1] The IJ also denied Petitioners protection under the Convention Against Torture ("CAT"). The BIA determined that Petitioners had not appealed the portion of the IJ's decision addressing their CAT claims, and Petitioners do not challenge that holding.

524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on" inconsistencies between an applicant's statements or between statements and other evidence or witnesses. 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

First, there were several inconsistencies between Jiang's testimony and his statements during his credible fear interview. Jiang's testimony was inconsistent with his credible fear interview regarding how many times he attended church gatherings before he was arrested: at the credible fear interview he stated he attended four times, but he

3

testified to ten.  His testimony was also inconsistent with his credible fear interview regarding where he attended church: at the credible fear interview he stated that he attended gatherings at the home of a friend, Jian Li. But he testified to the contrary, stating that Jian Li was not a member of his group.  Furthermore, Jiang's testimony was inconsistent with the credible fear interview regarding the date that he was arrested.  The IJ was not required to credit Jiang's explanation that he was nervous.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).  Nor did the agency err in relying on these inconsistencies because the record of the credible fear interview was sufficiently reliable.  The officer noted that he attempted to provide a verbatim record of the interview, "the proceeding was memorialized in a typewritten document setting forth the questions put to petitioner as well as h[is] responses," the questions were designed to elicit the details

4

of an asylum claim, and Jiang indicated that he understood the interpreter. See *Ming Zhang v. Holder*, 585 F.3d 715, 721, 725 (2d Cir. 2009) (holding that interview record may be considered if it "(1) provides a verbatim account or transcript of the alien's statements; (2) was conducted in a manner designed to elicit the details of an asylum claim; and (3) contains no indication that the alien was reluctant to reveal information or did not understand English or the translations provided by the interpreter." (internal quotation marks omitted)).

Second, Dong's and Jiang's descriptions of Dong's injuries were inconsistent. Jiang testified that after Dong left detention, she had swelling on the back of her head, whereas Dong testified that she did not have any swelling. Even a minor inconsistency between their testimony such as this bolsters the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency . . . as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.").

Finally, Dong and Jiang have not challenged the agency's

5

finding that their documentary evidence did not rehabilitate their credibility.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").  However, even if this argument was not waived, the agency was justified in determining that Dong and Jiang's documentary evidence did not rehabilitate their credibility.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").  Documents showing that Dong and Jiang attend church in the United States did not rehabilitate their claim of past persecution.  Nor did the IJ err in giving diminished weight to affidavits from individuals in China who were not subject to cross-examination.  *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *id.* at 334 (deferring to BIA's decision declining to credit letter from spouse in China);

6

*Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Given the inconsistencies and lack of reliable corroboration, we find that substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. And since Dong and Jiang's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of all forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court